[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON "PLAINTIFF'S RENEWAL OF IT'S MOTION FOR RECONSIDERATION OR FOR ARTICULATION"
The court rendered judgment for the defendant Town of Madison in the above-captioned matter on December 23, 1993. On January 10, 1994 the court denied the plaintiff's motion for reconsideration and refused to consider a request for articulation citing Practice Book 4051 and the fact that no appeal was pending. On January 18, 1994, the plaintiff filed a motion entitled "Plaintiff's Renewal of It's Motion For Reconsideration or For Articulation." That motion states
 ". . . It is apparent that the court did not recognize its inherent power to consider such motion."
The court recognized its inherent power to reconsider or allow reargument on the matter but found no basis to do so. The court continues to find no basis to do so and continues to hold that a CT Page 3426 motion for articulation is a motion which applies to appeals and is at best premature in the instant case.
However, recognizing that the plaintiff is appearing pro se the court will attempt to state again its most basic reasoning. The plaintiff may be right in his assertion that the town cannot eliminate the requirement for "continual flow" found in 22a-40
(a)(1) from the local regulation. However, since the court found that the record before the agency supported a finding by the agency that "continual flow" was in fact present, (although not required by the local regulation), the court held that the activity was not exempt from the regulations. Having reached the conclusion that the activity was not exempt, the court saw no obligation to address each and every issue which the plaintiff chose to raise. The court reiterates that at least five applications for substantially the same activity have reached the Superior Court in New Haven. One of these applications has reached the Appellate Court and been decided adverse to the plaintiff. The court has in effect considered two motions to reconsider in the present case. While the court wishes to give each pro se his day in court, the court also has an obligation to the citizens and taxpayers of Madison. The plaintiff must take heed that the continual re-filing of substantially the same claims of exemptions may result in sanctions.
The solution to the plaintiff's problem lies not in continually claiming exemptions which the court continually denies but in an attempt to develop a plan for which the plaintiff can obtain a permit from the Town of Madison to conduct regulated activities.
The court by, Kevin E. Booth, Judge